and this is 23-7771 Klein v. Brookhaven Health Care Facility, et al. We will wait for our courtroom deputy to get the Zoom up and running. I think I see Attorney Torcello for the appellee, am I saying that name right? Yes, Judge, I mean, it's not my name, so it's Torcello, Torcello, it's my married name, so I don't have much skin in that game, but... However you like to pronounce it is how I'll pronounce it. It's typically Torcello. Torcello, okay. Like the island in the Venetian Lagoon. Which we just visited, actually, this summer. Very good. And I understand we have Mr. Klein. Why don't we just test the audio, Mr. Klein, I want to make sure we can hear you and you can hear us. Yes, sir, can you hear me good? Yes, we can. So just so you know, there's a little bit of a time delay, so if you hear us speaking and it sounds like we're talking over you, that's just going to be because we have about a two-second delay. So Mr. Klein, I understand you would like to reserve two minutes for rebuttal, so why don't we do this, you talk for three minutes, and then when the three minutes are up, we're going to hear from Attorney Torcello, and then we will come back to you, Mr. Klein, and you will have two minutes to respond to anything that you think is worthy of responding to, okay? Yes, sir. Okay, so Mr. Klein, you may proceed. Yes, good morning to all there in the courtroom. It is my honor and privilege to come here before you. Please don't take the loudest part of my voice the wrong way. I'm a Vietnam combat veteran who has toured overseas, flew a Chief Mark 53D helicopter, and was an instructor at Packer Asylum, so I'm sure a gun sack can have no problem hearing me. This case contains agonization, denial of duty, and retaliation of the ADA and New York Labor Law 740. This case is also about the elderly residents in nursing homes and the public being put in specific dangers. This was not an at-will termination. This was a deliberate act in violation of the ADA. If I was terminated at will, I would not be here today. The appellant feels that the lower court violated certain standards, and Supreme Court Judicial Presidents and the Supreme Court Judiciary, and the Supreme Court Judiciary, and the Supreme Court Judiciary, and abused its discretion in its ruling. There are so many inconsistencies, weaknesses, conflicting, and contradictions in the defendant's statements that a jury should hear this case. Appellant feels he met all his requirements in breaking down each claim. I also think that the case at hand also comes into play in regards to the car case, which talks about the claims, what he has to show for the first reasonable part, and, you know, they stated his claims, so that's something I'll have to bring into the deal. Also a lower court's decision that violates controlling U.S. Supreme Court Judicial Presidents and appellate court's jurisprudence, and applying those controlling jurisprudence laws, holding the President's abusive discretion, and that's found in Nervous v. Prize in New York, Second Circuit, 2001. And I think I'll end my time on that now, Your Honor. Okay, that's all you want to talk about right now, and then you'll have your rebuttal? Is that right? Yes, Your Honor. Very good. Why don't we hear from Attorney Torsello, then? Good morning. May it please the Court, Aaron Torsello on behalf of Defendants Brookhaven Health Care Facility and McGuire Group. Respondents' opposition to Mr. Klein's appeal is fully set forth in its papers. However, there are a few points that I would like to make here this morning, absent any questions from the panel. Mr. Klein was employed as a maintenance person at the Brookhaven Health Care Facility, which is a nursing home. He held that position for approximately six or so years until the decision was made to terminate him when following an investigation, first a complaint and then an investigation into allegations that he had accessed inappropriate, if not pornographic, websites on the company's mobile device. Following his termination, he filed this current action alleging, and I believe he used the acronym, the ADA, just for the Court's reference. I believe he means the ADEA, which is the Age Discrimination and Employment Act. This is an age discrimination case, just for clarity. As well as bringing claims of retaliation under the ADEA and whistleblower claims under Section 740 of the New York Labor Law. The Eastern District properly dismissed Mr. Klein's claims upon our motion for summary judgment, finding that his claims were not supported by the undisputed material facts that were submitted in connection with that motion. And he otherwise did not establish any issue of material facts sufficient to defeat our motion of summary judgment. Throughout this litigation, Mr. Klein has maintained that he did not engage in the conduct which was the basis for his termination. However, the undisputed facts show that the company performed an investigation and based on that investigation concluded that he engaged in certain misconduct and based the termination decision...  Oh, I'm sorry. Yeah, can I just ask? I mean, with regard to the investigation, do you believe that the investigation was a, and perhaps not fair to ask you this, a thorough or appropriate means of investigating what occurred? I do. So, three different administrators from the facility spoke to all of the witnesses that they believed had information related to this case or to the misconduct, I'm sorry, which included, I believe, three other maintenance technicians. They reviewed the mobile device... Right, but they didn't actually even confirm that any inappropriate sites were viewed, did they? Well, they had information from one of the maintenance technicians that he saw that the site had been visited on the browser history. So they credited the information, but even if Mr. Klein did not view those sites, let's presume he did not engage in the misconduct that he was accused of, if the company was wrong in making that conclusion, the reason that they made it was still a legitimate non-discriminatory reason, even if ultimately the company was wrong in making that conclusion. But at the time, they reasonably believed that he had visited those sites. So, because Mr. Klein cannot and has not established that there's any inference of discrimination with regard to the decision to terminate or otherwise raise evidence of pretext, his age discrimination claim must fail, which the court properly found. To talk very quickly on the retaliation claim, Mr. Klein, during his deposition, admitted that he did not make any complaint about any type, any form of discrimination, including age discrimination prior to his termination. Therefore, he cannot substantiate a retaliation claim. And with regard to the whistleblower claims, while there's no dispute that Mr. Klein did raise various concerns about things such as visitors parking in fire lanes, which were addressed by the facility, he did not establish any violation of rule, law, or regulation, which created a substantial risk of harm to the public. So, for these reasons, we believe that the Eastern District's decision in dismissing his claim was proper. Thank you. Okay. Thank you very much, Attorney Torricello. Mr. Klein, it's your turn to talk again, and we'll reset the clock to two minutes. So, if there are any points that you heard from Attorney Torricello that you think are worthy of response, we welcome your comments. Yes, sir. Thank you. First off, there was no investigation, only interviews and contacting. By the initial statement that the defendants wrote out, there was no concrete evidence concluding anything of such what he did. The defendants only relied on his statement. The Department of Labor, the misconduct filing for unemployment. This was not an act of discrimination. All violations that we talked about were provided to the defendants, so they are well aware of those. In a similar case, at this particular court here, Jeff Perdue, February 28, 2024, in regards to compelling documents, the court is not to resolve the disputed questions. The court may not properly consider the record in piecemeal fashion, must draw over reasonable appearances, and so on. That's in Moe v. Hellerfect, the resources court, and that's docket number 20-3599. So, it's pretty much the same scenario in that particular case. That is in Moe. The appellant requests a jury trial way in the beginning of his initial complaint and numerous other filings throughout. The appellant thanks his court and appreciates his time and respectfully asks his court to reverse the lower court's decision and remand the case back for a jury trial and decide in the fairness of justice. Thank you to all. Thank you very much, Mr. Klein and Attorney Torricella. Well, as with all of the cases we've heard in court today, we are reserving decision, which means that at some later date, there will be a written decision in this case, as with all the cases, which will be filed in due course. So, we thank you both for appearing by Zoom and for providing the court with arguments. Thank you and have a very good day. Thank you, you as well. You're welcome. Thank you.